IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARNOLD SCHWINDT and MARITZA SCHWINDT,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **A.B.B., Inc., et al.,** ) <br> ) <br> **Defendants.** ) | Case No.   13-cv-996-SCW |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiffs and Defendant CBS's stipulated Motion to Dismiss and Remand (Doc. 24).  While CBS has not filed a response to the motion, the body of the Motion indicates that CBS has stipulated to the dismissal.  No other Defendants have filed responses in this case.

**Motion to Dismiss**

Although the Plaintiffs have declined to cite to applicable law in their Motion, other than to state the dismissal is pursuant to Federal Rule of Civil Procedure 41, the Court presumes that Plaintiffs seek dismissal pursuant to Rule 41(a)(1), which permits a plaintiff to dismiss an action without court order by filing a notice of dismissal before the opposing party serves an answer (or a summary judgment motion).

Clearly CBS, which has stipulated and consented to Plaintiffs' Motion, will not suffer any legal prejudice if the Motion is granted.  Additionally, while the procedural history strongly suggests that Plaintiffs' motive in dismissing CBS is to divest this Court of jurisdiction, so that the case may be remanded to state court, remand at this point does not appear to prejudice the remaining

defendants.  *See Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971)("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *In re Bridgestone/Firestone, Inc., ATX ATXII, & Wilderness Tires Prod. Liab. Litig.*, 199 F.R.D. 304, 306 (S.D. Ind. 2006).   Removal does not vest the other Defendants with a continued right to a federal forum.  *See Grivas v. Parmlee Transp. Co.*, 207 F.2d 334, 337-38 (7th Cir. 1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court).

As discussed more fully below, here, the sole basis for federal jurisdiction is the defense raised by CBS.  No other defendant has asserted the federal officer removal statute at this time, and the main basis for Plaintiffs' claims remains Illinois state law.  The other Defendants, therefore, will not be prejudiced by having the state law claims against them tried in a state court.  Additionally, this case is still in its infancy, meaning that few resources have been expended in litigating the case in the federal forum.  Plaintiffs' motion, therefore, is **GRANTED**.  The undersigned considers dismissal without prejudice proper.  The case against CBS is therefore dismissed without prejudice.  All parties shall bear their own costs.

### Motion to Remand

Plaintiff's Motion also seeks a remand of the case based on the fact that CBS has been dismissed from the case and its desire for a federal forum is now moot.  Defendant CBS's dismissal from this case changes the status quo.  CBS is the only defendant who originally removed this case to federal court (See Doc. 2).[1]  In its Notice of Removal, CBS indicated that it was doing so pursuant to **28 U.S.C. § 1442(a)(1),** which provides for removal when a defendant is sued for acts undertaken at

---

[1] Removal of a case by a federal officer under 28 U.S.C. § 1442 does not require the consent of co-defendants, and permits removal even if the other defendants did not join the removal or waived their right to do so.  *See Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D.Ill. 2006).

the direction of a federal officer. The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. *Ruppel v. CBS Corp.*, **701 F.3d 1176, 1180 (7th Cir. 2012)(citing *Mesa v. California*, 489 U.S. 121, 136 (1989)).** No party has identified a ground for federal jurisdiction other than the federal officer removal statue, which as pled, applies only to CBS. Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. *Alsup v. 3-Day Blinds, Inc.*, **435 F.Supp.2d 838, 844 (S.D. Ill. 2006).** Additionally, no party has objected or responded to the pending Motion to Dismiss and Remand. The time to do so having lapsed, the Motion is now ripe for disposition.

The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch*, **2007 WL 175220 at \*4 (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3727 (3d ed. 1998 & Supp. 2007)).** The district court should consider principles of "comity, federalism, judicial economy, and fairness to litigants," when considering whether to continue to exercise jurisdiction over the ancillary claims after the anchor claim has dropped out. *Id.* **(quoting 14c Wright, Miller, Cooper & Steinman, Federal Practice & Procedure § 3727 (collecting cases));** *see also Macias v. Kerr-McGee Corp.*, **No. 92-C-3389, 1993 WL 524734 at \* 1 (N.D. Ill. December 14, 1993)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1998)).** Many courts to consider the issue, including this one, have found that it is appropriate to remand the ancillary claims after the federal claims have dropped out. *Sullivan v. Conway*, **157 F.3d 1092, 1095 (7th Cir. 1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of Plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over state-law claims.") (citations omitted); see also 28**

**U.S.C. § 1367 (c)(3);** *Carr v. CIGNA Sec. Inc.*, **95 F.3d 544, 546 (7th Cir. 1996)("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law").**

The Seventh Circuit has identified three circumstances where remand would be inappropriate: 1) where the statute of limitations would bar the refiling of claims in state court; 2) where substantial judicial resources have already been spent on the litigation; and 3) where the outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). Where these exceptions do not apply, there is a reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Kennedy v. Schoenberg Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998). In addition to the state's interest, the federal judiciary has also expressed a preference towards allocating its resources to cases that present federal claims. *Forbes v. Milwaukee County*, No. 05-C-591, 2007 WL 41950 at *19 (E.D.Wis. Jan. 4, 2007). In particular, there is a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a federal defense. *See Futch*, 2007 WL 1752200; *Madden v. Able Supply Co.*, 205 F.Supp.2d 695 (S.D. Tex. 2002).

Here, remand appears most appropriate. The only basis for federal jurisdiction is the federal defense of a now-dismissed defendant. No other defendant has raised the federal officer removal statute as a defense, or objected to remand. The remaining claims, which are numerous, concern issues solely of state law. Additionally, this case has been pending in federal court for less than four months, meaning that very few resources have been expended at this point in the litigation. No defendant has pled that they will be prejudiced by such a return. Thus, to the extent Plaintiffs'

Motion seeks a remand of this case, the Court **GRANTS** the motion.  The case is **REMANDED** to the Third Judicial Circuit state court, Madison County Illinois, Case No. 13-L-01312.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss and Remand (Doc. 24) is **GRANTED**.  The Clerk of Court is **DIRECTED** to **DISMISS** CBS Corp. **without prejudice.** Additionally, the remaining claims and defendants are **REMANDED** to the Third Judicial Circuit state court, Madison County Illinois, Case No. 13-L-01312.

**IT IS SO ORDERED**.
DATED: February 14, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge